IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Tony Campbell,

    Petitioner,                                    No. CIV S-05-2016 LKK CMK P

    vs.

Folsom State Prison[1]

    Respondents.                              FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). In the instant action, petitioner has named Folsom State Prison as the respondent. This entity is not the proper respondent in this action. Petitioner is cautioned that should he return to this court after exhaustion, he should name the proper respondent. Failure to do so will result in the dismissal of the petition with leave to amend. See Stanley, 21 F.3d at 360.

1

1  requirement by providing the highest state court with a full and fair opportunity to consider all
2  claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971),
3  <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert. denied</u>, 478 U.S. 1021 (1986).

4        After reviewing the petition for habeas corpus, the court finds that petitioner has
5  failed to exhaust state court remedies.  Petitioner indicates on his application for a writ of habeas
6  corpus that he has neither directly appealed nor filed any applications or petitions with respect to
7  this judgment with any court.  It is clear that these claims have not been presented to the
8  California Supreme Court.  Further, there is no allegation that state court remedies are no longer
9  available to him.  Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application
10 for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

11       These findings and recommendations will be submitted to the United States
12 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
13 twenty days after being served with these findings and recommendations, any party may file
14 written objections with the court and serve a copy on all parties.  Such a document should be
15 captioned "Objections to Findings and Recommendations."   Any reply to the objections shall be
16 served and filed within ten days after service of the objections.  The parties are advised that
17 failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20 DATED:  October 19, 2005.

22                                                                /s/ Craig M. Kellison
                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE